Nos. 23-1583, 23-1584, 23-1591, 23-1592

IN THE

# United States Court of Appeals
# for the Federal Circuit

---

WIRELESS DISCOVERY LLC,

*Plaintiff-Appellant,*

v.

COFFEE MEETS BAGEL, INC., DOWN APP, INC.,
GRINDR, INC., AND HILY CORP.,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE, CASE NOS. 22-478, 22-479, 22-481, 22-482, HON. GREGORY B.
WILLIAMS

---

## APPELLANT'S OPPOSITION TO MOTION FOR STAY

---

NAGENDRA SETTY
ALEX V. CHACHKES
SETTY CHACHKES PLLC
113 Cherry Street, Suite 54517
Seattle, WA 98104
415-766-1149

*Attorneys for Plaintiff-Appellant*
*Wireless Discovery LLC*

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1583, 23-1584, 23-1591, 23-1592 |
| **Short Case Caption** | Wireless Discovery LLC v. Coffee Meets Bagel, Inc. |
| **Filing Party/Entity** | Wireless Discovery LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/20/2023

Signature: /s Nagendra Setty

Name: Nagendra Setty

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Wireless Discovery LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable                 ☑  Additional pages attached

| | | |
|---|---|---|
| Ramey LLP | William P Ramey, III | 5020 Montrose Blvd<br>Houston, TX 77006 |
| Jimmy Chong | | 2961 Centerville Rd., Suite 350<br>Wilmington, DE 19808 |
| Jeffrey J. Lyons | | 1201 N. Market St.<br>Wilmington, DE 19801 |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)     ☐  No     ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable                 ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

Neil J. McNabnay
Noel F. Chakkalakal
Lance E. Wyatt
Phillip G. Brown
Fish & Richardson, PC
1717 Main Street, Suite 5000
Dallas, TX 75201

Jeremy D. Anderson
Fish & Richardson, PC
222 Delaware Avenue 17th Floor
P.O. Box 1114
Wilmington, DE 19801

Attorneys for Coffee Meets Bagel, Inc., Down App, Inc.,
Grindr, Inc., and Hily Corp.

## INTRODUCTION

Appellant, Wireless Discovery LLC ("Wireless Discovery") opposes Appellees' Motions for Stay.[1]

## STATEMENT OF FACTS

In the single email exchange on June 9, 2023, between and among the parties (which Appellees have characterized as "discussions"), regarding Appellees' desire to stay all six pending appeals pending outcome of their district court motions for fees and exceptional case determinations, Appellees stated that staying the appeals would "conserve party and court resources", as justification for the stays. Because staying the appeals would not conserve such resources and would advantage Appellees, only, Wireless Discovery opposes any stay of the six pending appeals.

---

[1] Appellees in six related appeals, The Meet Group, Inc. and eHarmony, Inc., Case Nos. 2023-1582 and 2023-1586, and Coffee Meets Bagel, Inc., Down App, Inc., Grindr, Inc., and Hily Corp., Case Nos. 2023-1583, 2023-1584, 2023-1591, 2023-1592, filed substantially similar Motions for Stay.

**ARGUMENT**

## I.   STAYING THE APPEALS WOULD CONFER A UNILATERAL BENEFIT TO APPELLEES.

Wireless Discovery opposes the Motions for Stay because "party and court resources" will not be conserved in a fair and equitable way if the appeals are stayed. Wireless Discovery served its Opening Brief on May 15, 2023, which Appellees have now possessed for over one month. That means there will be zero party resources conserved in the preparation of Wireless Discovery's Opening Briefs, as the undersigned (new appellate counsel) has already researched, drafted, finalized, and served those briefs. Wireless Discovery explained as much in the email exchange referenced above:

> [G]iven that the controlling issue is whether the district court erred in its Rule 12(b)(6) decision, Wireless Discovery will oppose any motion to stay the appeals…. We are also troubled that defendants are raising these issues only now, after Wireless Discovery has completed its opening briefs, at significant expense, rather than at the outset of the appeals, when resources might more earnestly and bilaterally have been conserved.

Appellees did not reply to this email and, instead, filed the instant motions for stay. If Appellees had proposed a stay of the appeals before Wireless Discovery expended such resources, there might have been an equal ***postponement*** in expending such resources, but only a ***postponement*** and not a ***conservation***, as the patent invalidity issues on appeal would have to be briefed eventually.

At most, with stays of all six appeals, Appellees' efforts in preparing their responsive briefs would be postponed, which is a unilateral benefit to Appellees. They will eventually have to do the same work. In the hypothetical scenario in which a) this Court were to stay the appeals, and b) the district court were to decide the pending motions for fees and for exceptional case status without the benefit of this Court's guidance on the merits, the patent invalidity issues framed in the district court's Memorandum Orders would still need to be briefed and decided, in conjunction with the fees and exceptional case issues. In the scenario in which this Court reverses the district court's judgment issued under Federal Rule of Civil Procedure 12(b)(6), the fees and exceptional case issues will be moot and never require any resources from this Court or the district court.

Coupled with their pending Motions for Extension of Time to serve their responsive briefs by July 26, 2023 (if the unopposed extensions are granted), Appellees will have two and one half months to formulate their response to Appellant's Opening Brief, significantly more time than prescribed under the Rules. Wireless Discovery consented to such extensions because Appellees explained that counsel in all six appeals had conflicting professional commitments and personal travel commitments, despite the concurrent benefit to Appellees in creating a window of time for this Court to decide the stay motions. On balance, it is not clear that staying the six pending appeals would conserve any judicial

resources and undoubtedly will not obviate the heavy lifting involved in preparing

Appellant's Opening Briefs or the judicial resources involved in deciding the

patent ineligibility issues on appeal. For those reasons, this Court should deny

Appellees' Motions for Stay.

## II.    STAYING THE DISTRICT COURT MOTIONS WOULD BETTER CONSERVE RESOURCES, TO WHICH APPELLEES HAVE NEVER RESPONDED.

Moreover, in the same email exchange of June 9, 2023, Wireless Discovery

explained that the more logical stay would have been of the district court motions,

as fees and exceptional case determinations are heavily influenced by the

underlying merits of the parties' positions. Those merits are precisely what are

before this Court in the pending appeals, as articulated in the undersigned's

responsive email:

> We would, however, join in moving to stay the district court
> proceedings on the exceptional case and fees issues, if in fact
> conserving resources is your clients' motivation and collective
> wish…. If the appeals result in reversal, the resources spent on the
> exceptional case/fees issues would be saved. If the appeals are not
> successful in reversing the judgments, we can return to the district
> court to resolve such issues with clearer guidance from the CAFC on
> the parties' merits positions, which, of course, fundamentally affect
> the exceptional case/fees issues.

Appellees did not respond to this proposal, either, before filing the present

motions on the same day as the email exchange, June 9, 2023. They have not even

responded to the proposal, to date. They may reply that the briefing of the fees and

4

exceptional case motions is complete. But, those are party resources, alone.

Judicial resources would still be conserved if the district court, voluntarily, were to

await this Court's guidance on the merits before deciding whether to award fees

and declare exceptional case or if the motions were formally stayed. In any case,

Wireless Discovery remains willing to stay those proceedings, should Appellees

eventually respond to that offer.

## CONCLUSION

For the above reasons, Wireless Discovery asks that this Court deny

Appellees' Motions for Stay.

June 20, 2023

Respectfully submitted,

SETTY CHACHKES PLLC

*/s/ Nagendra Setty*
Nagendra Setty
Alex V. Chachkes
SETTY CHACHKES PLLC
113 Cherry Street, Suite 54517
Seattle, WA 98104
415-766-1149

*Attorneys for Appellant*
*Wireless Discovery LLC*

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of the Federal Rules of Appellate Procedure and the Federal Circuit Rules because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font size 14 and contains 955 words.

*/s/  Nagendra Setty*
Nagendra Setty